# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN RE: SHELL EGGS ANTITRUST LITIGATION<br><br>This document relates to:<br>All Actions | Case No. 26-md-3175-jdp<br>MDL No. 3175<br><br>Chief Judge James D. Peterson<br>Magistrate Judge Anita M. Boor |

---

## DECLARATION OF BRIAN J. DUNNE IN SUPPORT OF PLAINTIFFS' MOTION TO EXTEND DEADLINES IN THE INITIAL JUDICIAL MANAGEMENT CONFERENCE ORDER

---

I, Brian J. Dunne, declare:

1.      I am an attorney licensed in the State of California and the State of New York and admitted to the United States District Court for the Western District of Wisconsin. I am a partner at Bathaee Dunne LLP and Coordinating Counsel and Liaison Counsel for the Consumer Indirect Class Plaintiffs in *In re Shell Eggs Antitrust Litigation*, No. 26-md-3175-jdp (W.D. Wis.).

2.      I submit this declaration in support of Direct, Consumer Indirect, and Commercial Indirect Purchaser Class Plaintiffs (collectively, "Plaintiffs") unopposed motion to extend certain deadlines in the Initial Judicial Management Conference Order (Dkt. No. 105) ("Motion"). The Motion and the continuance sought therein is necessitated by recent events and information, which are relevant to the preparation of Plaintiffs' consolidated complaints, which are currently due on July 10, 2026.

3.      On June 29, 2026 the U.S. Department of Justice ("DOJ") and the Attorneys General of New York, Arizona, California, Colorado, Connecticut, Florida, Hawaii, Iowa, Maryland, Minnesota, North Carolina, Ohio, Pennsylvania, Texas, Utah, Vermont, and Wisconsin (the "State AGs") filed a civil lawsuit in the Northern District of Iowa alleging that egg producers Cal-Maine, Versova, and Hickman's Egg Ranch engaged in antitrust violations by agreeing to submit bids designed to artificially inflate the daily price quotations for eggs published by Urner Barry Publications, Inc. (the "Government Lawsuit").  Attached hereto as Exhibit A is a true and correct copy of the Complaint filed in the Government Lawsuit, *United States v. Cal-Maine Foods, Inc., et al.*, Case. No. 5:26-cv-4060 (N.D. Iowa Jun. 29, 2026), Dkt. No. 1.

4.      The same day the above-cited complaint was filed, the DOJ and State AGs filed consent decrees and proposed judgments with Cal-Maine, Versova, and Hickman's Egg Ranch requiring these egg producing defendants to pay monetary relief and make egg donations to

2

enumerated states, and to change their behavior regarding the quoting and submission of egg prices. A true and correct copy of these consent decrees and proposed judgments are attached hereto as Exhibits B-G. *See United States v. Cal-Maine Foods, Inc., et al.*, Case. No. 5:26-cv-4060 (N.D. Iowa Jun. 29, 2026), Dkt. Nos. 2-1 through 2-6.

5. The Government Lawsuit and related settlements contain new facts and information directly relevant to the Plaintiffs' consolidated complaints.

6. On June 25, 2026, Plaintiffs reached a settlement in principle, memorialized in an executed Memorandum of Understanding ("MOU"), with Defendant Urner Barry. Among other things, the MOU requires Urner Barry to produce: (1) a Bates-stamped reproduction of materials and associated correspondence previously produced to the DOJ pursuant to legal process; (2) deposition testimony taken by the DOJ; and (3) years of structured data relevant to Urner Barry price publications at issue in this litigation. This production, the first tranche of which Urner Barry produced last Friday, June 26, 2026, is highly relevant to and should be considered as part of any consolidated complaints prepared by Plaintiffs..

7. Plaintiffs have and are continuing to work diligently to review, analyze, and incorporate this recently disclosed information and evidence into their consolidated complaints. However, given the complex nature and sheer volume of the materials involved, Plaintiffs cannot reasonably complete their review and analysis of the new evidence—particularly the critical Urner Barry documents and data—by the current July 10 deadline to file their consolidated complaints. For these reasons, Plaintiffs believe that a 21-day extension of the current deadlines for the filing of consolidated complaints and any motions to dismiss filed by Defendants in response thereto is appropriate and justified.

8. Plaintiffs conferred via email and videoconference with all current Defendants, through Defendants' liaison counsel Daniel Laytin of Kirkland & Ellis, joined by attorney Stephen Chuk of Proskauer, who stated that Defendants take no position on Plaintiffs' motion or the proposed amended schedule for the filing of Plaintiffs' consolidated complaints and Defendants' motions to dismiss. During these discussions, Defendants requested that if the deadline for filing Plaintiffs' consolidated complaints and Defendants' motions to dismiss were to be extended 21 days, a similar 21-day continuance of the deadline for the parties to file their Rule 26(f) report and the date for the Rule 16 scheduling conference should be requested.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 2, 2026, in Austin, Texas.

*s/ Brian J. Dunne*
Brian J. Dunne