**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

In re Shell Eggs Antitrust Litigation

This Document Relates to:

All Actions

Case No. 3:26-md-03175-jdp
MDL No. 3175

Chief Judge James D. Peterson
Magistrate Judge Anita M. Boor

---

## <u>MOTION TO SEAL</u>

Pursuant to this Court's Administrative Order No. 460 regarding General Rules for Filing

Documents Under Seal, dated February 2026, Direct Purchaser Plaintiffs,[1] Commercial Indirect

Purchaser Plaintiffs,[2] and Consumer Indirect Purchaser Plaintiffs[3] (collectively, "Plaintiffs")

---

[1] Birchmans Parisian, LLC (d/b/a Lisciandro's Restaurant), King Kullen Grocery Co., Inc., Taylor Egg Products, Inc., and Yell-O-Glow Corporation.

[2] Nineteenseventynine LLC d/b/a The Breakfast Joynt, Gutierrez Family LLC d/b/a El Charro Café, LL Calk Enterprises LLC d/b/a Ettore's Bakery and Restaurant, Elas Crepes, Drago's Kitchen LLC, House of Omelets Inc., Philly Phlava Original Steaks and Hoagies, Inc., Tom Demo Inc. d/b/a STACKED, The Wooden Spoon at CV LLC d/b/a The Wooden Spoon, 317 Moonpie Mountain LLC d/b/a Barbed Wire Café, Lauer Hospitality Group LLC d/b/a Avon Cabin Café, SJLK Hospitality LLC d/b/a Dale's, McCarthy Future LLC d/b/a Varsity Inn, J & A Restaurants LLC d/b/a Stingers Pizza Pub, LKN Cheesecakery LLC, Word of Mouth Neighborhood Bistro LLC d/b/a Word of Mouth Neighborhood Bistro LLC, Creative Restaurants, Inc. d/b/a Rum Boogie, Startswithone LLC d/b/a The Diner, and Cheesecake Funk LLC.

[3] Angelica Allison; Tyler Baker; Holly Barnes; Kami Bouscher; Michael Clancy; Joseph Danson; Sharon Dawson-Green; Matthew Edlin; Gloria Emery; Michelle Fendelander; Carol Goldberg; Tina Grant; Lora Grodnick; Tariq Habash; Connie Harrison; Paul Hayashino; Mary Hudson; Brandon Huyler; Sarah Juracich; Jeffrey & Reyna Kaplan; David Kenward; Derrick Koehn; Ronda Lee Haines; Akshay Mehta; Gregory Mount; Tamotu Mulitauaopele; James O'Connor; Pete Olson; India Price; Katherine Rebich; Kassidy Schmitz; Melanie Scott; Michael Segal; Lakia Session; Victoria Shaev; Dustin Shapiro; David Show; Lisa Smith; Karen Solomon; Amy Sparrow; Sebastian Szylkowski; Robert Taylor; Scott Thompson; Jennifer Thorndyke; Casey Whalen; Douglas Yarema.

hereby move the Court for an order granting two forms of relief with respect to the Plaintiffs' Consolidated Class Action Complaints ("CCACs"): (i) sealing portions of the CCACs from public disclosure, and (ii) sealing portions of the CCACs from Defendants with exception for their outside counsel and in-house counsel, supported by the Declaration of Brian J. Dunne dated July 31, 2026 (the "Decl.") filed contemporaneously herewith. The proposed redacted portions of the CCACs are identical across complaints, reflecting information derived through the parties' joint proposed settlement with Urner Barry and coordination between the classes on common issues consistent with the Court's orders and directives. *See* Dkt No. 105. Plaintiffs understand that Urner Barry is also filing a motion for the relief requested herein and will explain the justification for the sealing request. Plaintiffs have conferred with Defendants, and Defendants do not oppose Urner Barry or Plaintiffs' motions to seal; however, as Defendants have not been provided with the proposed redactions to the CCACs at the time of filing the motions, Defendants reserve their right to challenge the basis for any such redactions at a later date.

The grounds upon which this Motion is premised are as follows:

1. Plaintiffs bring this class action to recover treble damages, injunctive relief, and any other relief as appropriate under various statutes including the antitrust laws of the United States and (for the Consumer Indirect Purchaser and Commercial Indirect Purchaser Plaintiffs) various state antitrust, consumer protection, and unfair trade practices laws against Cal-Maine Foods, Inc.; Cooper Farms, Inc.; Daybreak Foods, Inc.; Hickman's Egg Ranch, Inc.; Luberski Inc. d/b/a Hidden Villa Ranch; Hillandale Farms of Pa., Inc., Hillandale-Gettysburg, LLC., Hillandale Farms East, Inc., and Hillandale Farms, Inc. (together, "Hillandale Farms"); Kreider Dairy Farms, Inc.; Midwest Poultry Services, L.P. d/b/a MPS Egg Farms; Oakdell Farms, LLC; Opal Foods, LLC; Pearl Valley Farms, Inc.; Prairie Star Farms, LLC; ProEgg Inc.; Rose Acre Farms, Inc.;

Sparboe Farms, Inc.; Versova Holdings, LLC, Centrum Valley Holdings, LLC, and Versova Management Cooperative (together, "Versova"); and Weaver Bros., Inc. d/b/a Weaver Eggs; (collectively, the "Egg Producer Defendants" or "Producer Defendants"); Urner Barry Publications, Inc. d/b/a Expana ("Urner Barry" or "Expana"); and Egg Clearinghouse, Inc. ("ECI").

2.    On June 25, Plaintiffs reached a settlement in principle, memorialized in an executed Memorandum of Understanding ("MOU"), with Defendant Urner Barry that among other things required it to produce: (1) a Bates-stamped production made to the DOJ pursuant to legal process (2) deposition testimony taken by the DOJ; and (3) years of structured data that bears on the Urner Barry price publications at issue in this litigation. This initial production consists of approximately 37.4 GB of material that Urner Barry produced on June 26. *See In re Shell Eggs Antitrust Litig.*, 3:26-md-03175, Dkt Nos. 169, 170 (W.D. Wis. July 2, 2026).

3.    Under the MOU, and because no protective order had yet been entered in this multi-district antitrust litigation, Plaintiffs and Defendant Urner Barry agreed that Urner Barry's substantial production of documents would be kept confidential until a protective order has been entered. (Decl. at ¶ 4.)

4.    Due to the nature of Urner Barry's production, the CCACs necessarily and extensively contain quotes from, rely upon, and refer to the documents Urner Barry produced pursuant to the MOU and subject to its confidentiality provisions. Plaintiffs are not in a position to evaluate the competitive sensitivity of the information designated confidential by Urner Barry but are bound by the MOU to protect it. The Court is respectfully referred to Urner Barry's forthcoming Motion to Seal for further detail regarding the competitive sensitivity of the information addressed herein.

3

5.      Under the MOU's confidentiality provisions, Plaintiffs are prohibited from sharing the redacted information in the CCACs because doing so would disclose Urner Barry's confidential information.

6.      To ensure the Defendants nonetheless have access to this information, Urner Barry has agreed that its information can be shared with Defendants on an AEO basis only.[4] In addition, we understand that Urner Barry is continuing to review the CCACs to determine if more narrowly tailored redactions are appropriate and will separately update the Court.

7.      With respect to the redactions applied to the publicly-filed CCACs, Urner Barry has represented that it will revisit its designation when a protective order is in place to ensure that the redactions comply with the operative protective order. (Decl. at ¶ 4.)

8.      Court proceedings are presumptively open to public view. In some instances, however, courts have recognized that documents may be redacted or filed under seal to protect the confidentiality of information subject to valid disclosure restrictions, such as contracts containing a contractual confidentiality provision as in the Settlement Agreement. *See Owens Trophies, Inc. v. Bluestone Designs & Creations, Inc.*, No. 12-cv-7670, 2014 WL 126082, at *1, n.2 (N.D. Ill. Jan. 14, 2014) ("The contract at issue in this dispute contains a confidentiality provision, and the parties have accordingly filed the complaint and (unredacted) motions under seal."); *see generally ABS Global, Inc. v. Inguran, LLC*, No. 14-cv-503-wmc, 2017 WL 3588290, at *1 (W.D. Wis., Apr. 5, 2017) (discussing standard for sealing documents in federal antitrust action).

---

[4] If a Defendant does not have in-house counsel, Urner Barry agrees to meet and confer with that Defendant over the next two weeks to ensure that Defendant has access to necessary information.

9. Accordingly, this Court permits a party to file a document under seal as long as it also files an "unsealed version that redacts only truly confidential information . . . supported in the party's motion." (Administrative Order No. 460.)

10. Contemporaneous with this Motion and Plaintiffs' CCACs in this case, Plaintiffs have filed a redacted version of each CCAC that redacts the information Plaintiffs are bound by the MOU to treat as confidential. Plaintiffs have coordinated their factual allegations so that those sourced solely from confidential materials appear only in the portions of each CCAC that are identical, and that only those portions of the CCAC that are solely sourced from confidential materials have been redacted. While only Urner Barry can supply further factual information as to the need to protect the designated information, Plaintiffs have ensured that sealing has been sought only as to the minimum set of information that Plaintiffs are bound by the MOU to protect.

11. Plaintiffs are permitted to file under seal those portions of the CCAC that consist of, refer to, or describe information subject to the confidentiality provisions of the MOU. *See Owens Trophies, Inc.*, 2014 WL 126082, at *1, n.2.

12. The relief requested by this Motion strikes an appropriate balance between the protection of Urner Barry's need to protect competitively sensitive information about its business and the "long-recognized presumption in favor of public access to judicial records," *ABS Global, Inc.*, 2017 WL 3588290, at *1 (citation omitted). This balance has been struck by carefully tailoring the redactions to just that set of information that has been designated confidential by Urner Barry. *See id.* at *1-*3 (balancing these competing factors in evaluating sealing motion).

13. For the reasons explained above, Plaintiffs respectfully request the Court accept the filing under seal of portions of CCACs, shielding the redacted information from (i) the public and (ii) the parties, with exceptions for their outside counsel and in-house counsel.

5

Respectfully submitted,

DATED: July 31, 2026                                          ___*/s/ Jesse J. Bair*___
                                                                          Jesse J. Bair


[Additional signatures below]

  /s/ Bobby Pouya
Bobby Pouya (*pro hac vice*)
Daniel L. Warshaw (*pro hac vice*)
Naveed Abaie (*pro hac vice*)
Adrian J. Buonanoce (*pro hac vice*)
**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Tel. (818) 788-8300
bpouya@pwfirm.com
dwarshaw@pwfirm.com
nabaie@pwfirm.com
abuonanoce@pwfirm.com

Neil Swartzberg (*pro hac vice*)
555 Montgomery St., Suite 1205
San Francisco, CA 94111
**PEARSON WARSHAW, LLP**
Tel. (415) 433-9000
nswartzberg@pwfirm.com

Brian S. Pafundi (*pro hac vice*)
**PEARSON WARSHAW, LLP**
328 Barry Ave. South, Suite 200
Wayzata, MN 55391
Tel. (612) 389-0600
bpafundi@pwfirm.com

  /s/ Thomas H. Burt
Thomas H. Burt
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114
burt@whafh.com

Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

Betsy C. Manifold
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Tel: (619) 239-4599
Fax: (619) 234-4599
*manifold@whafh.com*

*Co-Lead Counsel for Indirect Consumer Purchasers*

  /s/ Brian J. Dunne
Brian J. Dunne
Edward M. Grauman
Kaki J. Johnson
**BATHAEE DUNNE LLP**
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel. (213) 462-4772
bdunne@bathaeedunne.com
egrauman@bathaeedunne.com
kjohnson@bathaeedunne.com

Yavar Bathaee
Andrew Wolinsky
**BATHAEE DUNNE LLP**
445 Park Ave, 9th Floor
New York, NY 10022
Phone: 332-208-7337
yavar@bathaeedunne.com
awolinsky@bathaeedunne.com

*Coordinating and Liaison Counsel for Indirect Consumer Purchasers*

7

Jesse J. Bair
Nathan M. Kuenzi
**BURNS BAIR LLP**
610 E. Doty Street, Suite 600
Madison, WI 53703
(608) 286-2302
jbair@burnsbair.com
nkuenzi@burnsbair.com

*Local Counsel for Indirect Consumer Purchasers*

Robert J. Wozniak (*pro hac vice*)
Douglas A. Millen (*pro hac vice*)
**JUSTICE JAGHER LONDON
& MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Tel: (224) 632-4500
Fax: (224) 632-4521
Email: rwozniak@jjlmlaw.com
Email: dmillen@jjlmlaw.com

Kimberly A. Justice (*pro hac vice*)
**JUSTICE JAGHER LONDON
& MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
Tel: (484) 243-6335
Fax: (224) 632-4521
Email: kjustice@jjlmlaw.com

Rex A. Sharp
Hammons P. Hepner (*pro hac vice*)
Isaac L. Diel
Sarah T. Bradshaw
Hans D. Hodes
**SHARP LAW, LLP**
4820 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 261-7564 Fax
rsharp@midwest-law.com
hhepner@midwest-law.com
idiel@midwest-law.com
sbradshaw@midwest-law.com
hhodes@midwest-law.com

Blake Hunter Yagman
YAGMAN PLLC
1050 30th St. N.W.
Washington, D.C. 20007
Tel.: (929) 709-1493
Email: blake.yagman@yagmanpllc.com

*Steering Committee for Indirect Consumer Purchasers*

/s/ David M. Cialkowski

David M. Cialkowski
Ian F. McFarland
Zachary J. Freese
Giselle M. Webber
**ZIMMERMAN REED LLP**
1100 IDS Center
80 S. 8th St.
Minneapolis, MN 55402
Tel: (612) 341-0400
david.cialkowski@zimmreed.com
ian.mcfarland@zimmreed.com
zachary.freese@zimmreed.com
giselle.webber@zimmreed.com

*Lead Counsel and Coordinating Counsel for the Commercial Indirect Purchaser Plaintiffs*

/s/ Michael J. Flannery

Michael J. Flannery
(admitted *pro hac vice*)
**CUNEO GILBERT FLANNERY & LADUCA, LLP**
Two City Place Drive
Second Floor
St. Louis, MO 63141
Tel: (314) 226-1015
mflannery@cuneolaw.com

Evelyn Riley (*pro hac vice*)
Daniel Cohen
Cody McCracken (*pro hac vice*)
**CUNEO GILBERT FLANNERY & LADUCA, LLP**
2445 M St. NW
Suite 740
Washington, DC 20037
Telephone: (202) 789-3960
Fax: (202) 789-1813
evelyn@cuneolaw.com
danielc@cuneolaw.com
cmccracken@cuneolaw.com

*Lead Counsel and Liaison Counsel for the Commercial Indirect Purchaser Plaintiffs*

Shawn M. Raiter
Matthew B. Bolt
**LARSON · KING, LLP**
2800 Wells Fargo Place
30 East 7th St.
Saint Paul, MN 55101
Telephone: (651) 312-6500
sraiter@larsonking.com
mbolt@larsonking.com

John "Don" Barrett (*pro hac vice* forthcoming)
Katherine Barrett Riley (*pro hac vice* forthcoming)
Sterling Aldridge (admitted *pro hac vice*)

Laura K. Mummert
Steven J. Greenfogel (pro hac vice forthcoming)
**LITE DEPALMA GREENBERG & AFANADOR, LLC**
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(267) 314-7980
lmummert@litedepalma.com
sgreenfogel@litedepalma.com

Joseph J. DePalma (pro hac vice forthcoming)
**LITE DEPALMA GREENBERG & AFANADOR, LLC**
570 Broad Street, Suite 1201
Newark, NJ 07102

**BARRETT LAW GROUP, P.A.**
404 Court Square
Lexington, MS 39095
Tel: (662) 834-2488
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com
saldridge@barrettlawgroup.com

Garrett D. Blanchfield (admitted *pro hac vice*)
Brant D. Penney (*pro hac vice* forthcoming)
Roberta A. Yard (*pro hac vice* forthcoming)
**REINHARDT WENDORF & BLANCHFIELD**
80 South 8th Street, Suite 900
Minneapolis, MN 55402
Tel: (651) 287-2100
g.blanchfield@rwblawfirm.com
b.penney@rwblawfirm.com
r.yard@rwblawfirm.com

(973) 623-3000
jdepalma@litedepalma.com

Daniel E. Gustafson (admitted *pro hac vice*)
Daniel C. Hedlund (admitted *pro hac vice*)
Michelle J. Looby (admitted *pro hac vice*)
Joshua J. Rissman (admitted *pro hac vice*)
Abou B. Amara, Jr. (WI Bar #1135419)
Melanie Miller Kapanke (admitted *pro hac vice*)
**GUSTAFSON GLUEK PLLC**
120 So. Sixth St., Ste. 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com

*Steering Committee for the Commercial Indirect Purchaser Plaintiffs*

Timothy M. Hansen
Michael C. Lueder
**HANSEN REYNOLDS LLC**
301 N. Broadway, Suite 400
Milwaukee, Wisconsin 53202
Ph. (414) 455-7676
thansen@hansenreynolds.com
mlueder@hansenreynolds.com

*Local Counsel for the Commercial Indirect Purchaser Plaintiffs*

10

*/s/ Christopher M. Burke*
Christopher M. Burke
John Chisholm
Yifan (Kate) Lv
**BURKE LLP**
402 West Broadway, Suite 1890
San Diego, CA 92101
Telephone: (619) 369-8244
cburke@burke.law
john.chisholm@burke.law
klv@burke.law

*/s/ Vincent Briganti*
Vincent Briganti (*pro hac vice*)
Raymond P. Girnys (*pro hac vice*)
Peter A. Barile III (*pro hac vice*)
Peter Demato (*pro hac vice*)
Nicole A. Veno (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Phone: (914) 997-0500
vbriganti@lowey.com
rgirnys@lowey.com
pbarile@lowey.com
pdemato@lowey.com
nveno@lowey.com

*Direct Purchaser Co-Lead Class Counsel*

*/s/ Steven M. Biskupic*
Steven M. Biskupic
**STEVEN BISKUPIC LAW OFFICE
LLC**
P.O. Box 456
Thiensville, WI 53092
414-828-7233

*Local Counsel and Liaison Counsel for the
Direct Purchaser Plaintiffs*

11

Robert J. Bonsignore
**BONSIGNORE TRIAL LAWYERS**
23 Forest Street
Medford, MA 02155
Phone : (781) 350-0000 rbonsignore@classactions.us

Joseph C. Bourne
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200 Minneapolis, MN 55401
Phone: (612) 339-6900
jcbourne@locklaw.com

Robert J. Gralewski, Jr.
**KIRBY McINERNEY LLP**
1420 Kettner Boulevard, Suite 100
San Diego, CA 92101
Phone: (858) 834-2044
bgralewski@kmllp.com

Amanda M. Williams
**BASSFORD REMELE, P.A.**
100 South Fifth Street, Suite 1500
Minneapolis, MN 55402
Phone: (612) 333-3000
awilliams@bassford.com

*Direct Purchaser Plaintiffs' Steering Committee*